<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JESSICA C. GRAHAM, | : | Civil Action No. 14-6743 |
| *Plaintiff*, | : | |
| v. | : | **OPINION** |
| CHARLES T. RAWLEY, et al., | : | |
| *Defendants*. | : | |

ARLEO, UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter comes before the Court on Plaintiff Jessica C. Graham's ("Plaintiff") motion to proceed *in forma pauperis* under 28 U.S.C. § 1915. By Order dated October 27, 2014, the Hon. Pamela K. Chen, of the United States District Court for the Eastern District of New York, dismissed certain claims advanced by Plaintiff, and transferred the balance of the claims related to her alleged "involuntary hospitalization and compelled medication at the Jersey City Medical Center[,]" which occurred in New Jersey, to this Court. The Court now analyzes Plaintiff's *in forma pauperis* petition as to the transferred claims. Pursuant to 28 U.S.C. § 1915(e)(2), in conducting this analysis, the Court must analyze the Complaint to determine if the claims contained therein must be dismissed. For the reasons set forth herein, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. However, Plaintiff's Complaint is **DISMISSED** for failing to state a claim upon which relief can be granted. Plaintiff shall be provided 30 days to

cure the deficiencies cited herein. If Plaintiff fails to amend the Complaint in this time, the Complaint shall be dismissed with prejudice.

## II. PROCEDURAL HISTORY

The genus of this dispute is two actions Plaintiff filed in the Eastern District of New York. In the first case ("Graham I"), Plaintiff alleged that NYPD officers entered her residence without a warrant and transported her to Richmond University Medical Center against her will. She also claimed that, in a separate incident, she was falsely arrested and physically assaulted by the NYPD. The gravamen of her lawsuit, however, was that her constitutional rights were violated in connection with a Richmond County Family Court child custody dispute.

Prior to any review on the merits of her claims in Graham I, Plaintiff filed a second complaint in the Eastern District of New York ("Graham II"). Many of the allegations contained in the Graham II Complaint were duplicative of those contained in the Graham I complaint. However, Plaintiff also alleged that on or about November 9, 2013, Defendant Eric Petersen, a police officer employed by the Jersey City Police Department-Emergency Services Unit ("JCPD-ESU"), transported her against her will to the Jersey City Medical Center ("JCMC"), where she was involuntarily detained for 10 days. She claims, *inter alia*, that during her time at JCMC, Defendants Rajakumar, Kelly, Raote, and Uhang, all threatened to declare her mentally incompetent if she refused to take her medication and, as a result, she took medication she would not have otherwise taken.

As explained above, on October 27, 2014, the Hon. Pamela K. Chen reviewed Plaintiff's *in forma pauperis* application in Graham II. Judge Chen dismissed the claims that were duplicative of those contained in Graham I, but transferred all of the claims relating to Plaintiff's

involuntary commitment and compelled medication to this Court. Plaintiff's application to proceed *in forma pauperis* for the remaining claims is presently before this Court.

### III. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2), the Court, when allowing a plaintiff to proceed *in forma pauperis*, must review the complaint and dismiss the action if it determines that:

> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal—
>
>> (i) is frivolous or malicious;
>>
>> (ii) fails to state a claim on which relief may be granted; or
>>
>> (iii) seeks monetary relief against a defendant who is immune
>>
>> from such relief.

28 U.S.C. § 1915(e)(2). Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" D'Agostino v. CECOM RDEC, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

Pursuant to Section (B)(i), a claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989).

To evaluate whether a complaint must be dismissed under § 1915(e)(2)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002). To state a claim that survives a Rule

12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## IV. ANALYSIS

At the outset, the Court grants Plaintiff's application to proceed *in forma pauperis* without prepayment of fees and costs pursuant to 28 U.S.C. § 1915(a). The Court now reviews the Complaint's merits pursuant to 28 U.S.C. § 1915(e)(2).

As explained above, the only claims before this Court are based upon Plaintiff's alleged involuntary commitment and compelled medication.

Plaintiff alleges that, on November 9, 2013, she had an interaction with NYPD officers. After this incident, she took a shower, got dressed, and then entered her car. Compl., Dkt. No. 2, at 6.[1] As she drove away, she was followed. Id. After contacting a JCPD-ESU officer that she knew, Defendant Eric Petersen, she traveled to the JCPD-ESU garage and met with Officer Petersen. Id. at 7. Officer Petersen insisted that Plaintiff go to a hospital. Id. JCMC EMTs arrived at the garage, and Plaintiff was involuntarily taken to JCMC. Id. After being admitted through the Crisis department, she was kept at JCMC against her will for 10 days. Id. While at JCMC, Plaintiff claims "Doctors Nirmala Rajakumar, Stephen Kelly, Aparna Raote, and Luke Uhang" threatened to declare Plaintiff "Legally Incompetent" if she did not comply with their treatment plan. Id. at 9. As a result of these threats, she took medication she did not want to

---

[1] The page numbers cited herein are the ECF page numbers listed at the top-right of each page.

take. Id. Furthermore, Plaintiff claims that JCMC staff refused to treat Plaintiff for the actual medical conditions from which she suffers.

Based upon these allegations, Plaintiff has brought suit against Officers Eric Petersen and John Doe Officers 1-2.   Additionally, Plaintiff names the following JCMC employees as defendants: (1) JCMC EMTs Joseph DeCristofaro and Aaron Lowe; (2) JCMC doctors Nirmala Rajakumar and Stephen Kelly; (3) JCMC social worker Michelle Rittweger; (4) JCMC nurses Emelyn Basalatan, Mimoza Brahimi, Michael Cancio, George Fay, Sally Kufczynski, and Dominique Williams; (5) JCMC Psychiatrist Aparna Raote; and (6) JCMC Medical Director Luke Uhang.

Plaintiff asserts claims for violations of 18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 371, 18 U.S.C. § 1201, 18 U.S.C. § 1204, 18 U.S.C. § 1347, 21 U.S.C. § 846, 28 U.S.C. § 1738A, 38 NYS 2d 196, 38 NYS 2d 199, 42 U.S.C. § 12101, 42 U.S.C. § 12181, and 42 U.S.C. § 12182.  The Court finds that Plaintiff has failed to state a federal cause of action under any of these statutes or cases.

Initially, 18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 371, 18 U.S.C. § 1201, 18 U.S.C. § 1204, 18 U.S.C. § 1347, and 21 U.S.C. § 846 are all criminal statutes, which do not create a private cause of action.  Leeke v. Timmerman, 454 U.S. 83, 85 (1981).

Next, 28 U.S.C. § 1738A simply dictates that every State must give full faith and credit to child custody determinations made by another State.  None of the allegations against the JCPD officers or JCMC employees involve an out-of-state custody determination.

Furthermore, Plaintiff's reliance on two New York state court decisions, Norton v. Norton, 38 N.Y.S.2d 194, 196 (1942) and In re Kellas' Estate, 38 N.Y.S.2d 197, 199 (1942) also does not evidence a federal cause of action.

5

Finally, Plaintiff cites to three provisions of the Americans with Disabilities Act ("ADA"). While the ADA certainly creates a private cause of action, Plaintiff has failed to state an ADA claim against any of the JCPD officers or JCMC employees. First, the ADA only protects individuals with disabilities. In the Complaint, Plaintiff repeatedly denies that she suffers from any mental disability and does not assert any other disability from which she suffers. As such, she fails to assert a required element of an ADA claim. See Boggi v. Med Review and Accrediting Council, 415 F. App'x 411, 415 (3d Cir. 2011). Second, Plaintiff seeks to bring claims against individual defendants, but the ADA does not create private causes of action against individuals. Boggi, 415 F. App'x at 415 (individual defendants cannot be sued in their individual capacities under the ADA); Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) (holding there was no individual liability under Titles I, II, or III of the ADA). Third, even if Plaintiff could bring an ADA claim against the JCPD officers or the JCMC employees, she does not allege how these individuals intentionally discriminated against her. See Heckman v. Town of Hempstead, 568 F. App'x 41, 44 (2d Cir. 2014) (affirming dismissal of ADA claim when plaintiff failed to allege any intentional discrimination by defendants); Obado v. UMDNJ, Behavioral Health Ctr., 524 F. App'x 812, 817 (3d Cir. 2013) (affirming dismissal of ADA claim when plaintiff failed to offer any evidence of discriminatory animus).

Based upon the foregoing, the Court concludes that Plaintiff has failed to allege any federal cause of action against any of the JCPD officers of the JCMC employees.

## V. LEAVE TO AMEND

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice to leave to amend. Grayson v. Mayview State Hosp., 293 F.3d 103, 110–11 (3d Cir. 2002). The district court may deny leave to amend

only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile.  Adams v. Gould, Inc., 739 F.2d 858, 864 (3d Cir. 1984). The Court is unable to conclude at this point that Plaintiff's claims are futile.  Therefore, the Court shall provide Plaintiff 30 days to file an amended complaint that cures the deficiencies set forth herein.  If Plaintiff does not submit an amended complaint curing these deficiencies within 30 days, however, then the dismissal will be with prejudice.

## VI. CONCLUSION

For the reasons set forth herein, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED** and the Complaint is **DISMISSED** for failing to state a claim upon which relief can be granted.  An accompanying Order will be entered.


Dated: February 6, 2015                              */s Madeline Cox Arleo*_____
                                                    **Hon. Madeline Cox Arleo**
                                                    **United States District Judge**

7