**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JESSICA C. GRAHAM, | : | Civil Action No. 14-6743 |
| *Plaintiff*, | : | |
| v. | : | OPINION |
| CHARLES T. RAWLEY, et al., | : | |
| *Defendants*. | : | |

ARLEO, UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter comes before the Court on Plaintiff Jessica C. Graham's ("Plaintiff") filing of an Amended Complaint in this matter following the dismissal of her prior complaint pursuant to 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that Plaintiff has failed to plead a cognizable claim and dismisses Plaintiff's Amended Complaint. Specifically, all claims except those against the Elizabeth Police Department ("EPD") are dismissed with prejudice and Plaintiff's claims against the EPD are dismissed without prejudice.

### II. PROCEDURAL HISTORY

The procedural history of this matter is set forth in the Court's February 6, 2015, Opinion. See Dkt. No. 12. In short, Plaintiff filed a lawsuit in the Eastern District of New York, in which she challenged a number of state family court decisions and also alleged that she had been involuntarily hospitalized in New Jersey. All of Plaintiff's claims except for those

involving Plaintiff's hospitalization were dismissed, and the involuntary hospitalization claims were transferred to this Court.

In its February 6, 2015, Opinion, the Court concluded that Plaintiff failed to state a claim upon which relief may be granted. As Plaintiff was proceeding *pro se*, the Court provided Plaintiff the opportunity to cure. Plaintiff filed her Amended Complaint on February 17, 2015.

### III. ANALYSIS[1]

In her newly filed Amended Complaint, Plaintiff alleges many of the same facts and legal theories that were pled in her first complaint. For example, Plaintiff's recitation of the events leading up to her arrival at the Jersey City Police Department – Emergency Services Unit ("JCPD-ESU") garage are nearly identical. Plaintiff does now identify, however, that Defendants Joseph DeCristofano & Aaron Lowe were the EMTs that transported her to the Jersey City Medical Center ("JCMC"). See Am. Compl. ¶ 2. Plaintiff also alleges that while medical records state she was assessed at the garage, this did not occur. Id. Additionally, Plaintiff reveals that the EMTs and Officer Petersen told her that JCMC EMS had a contract with JCMC and, thus, the EMTs must take her to that facility. Id.

---

[1] As set forth in the February 6, 2015, Opinion, in evaluating whether a complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court applies the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" D'Agostino v. CECOM RDEC, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010). A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989).

Plaintiff also alleges additional details regarding her stay at JCMC. For example, Plaintiff alleges that Stephen Kelly was the individual that "started the intake" at JCMC. Id. Plaintiff also alleges, *inter alia*, that she was never seen by a psychiatrist, the hospital failed to accommodate her Latex allergy, she never received treatment for a cardiac condition, hospital staff forced her to sit/stand even though she informed them she was unable to do so because of her heart condition, that "Doctors Nirmala Rajakumar, Stephen Kelly, Aparna Raote, and Luke Uhang as well as other staff members" threatened to declare Plaintiff "Legally Incompetent" if she did not comply with their treatment plan, staff revoked Plaintiff's phone privileges when she attempted to contact the FBI, and the hospital failed to "contact[] a Judge for a Temporary Order to keep Plaintiff past 72 hours." Id. ¶¶ 2, 4.

Plaintiff's Amended Complaint also contains allegations regarding events that occurred after her initial complaint was filed. Specifically, Plaintiff claims that, on February 15, 2015, she went to Elizabeth and called "911" to "make a report against Charles T. Rawley[2] and request to make an arrest." Id. ¶ 9. Plaintiff was told that there was a TRO filed against her by Mr. Rawley, but Plaintiff informed the Elizabeth Police Department ("EPD") that the order had been vacated. Id. Two EPD officers arrived, provided her with a copy of the TRO,[3] and refused to arrest Mr. Rawley. Id. Plaintiff claims Mr. Rawley's assertions in the TRO are false. Id.

Based upon these allegations, Plaintiff has brought suit against the JCMC and its employees: (1) JCMC EMTs Joseph DeCristofaro and Aaron Lowe; (2) JCMC doctors Nirmala Rajakumar and Stephen Kelly; (3) JCMC social worker Michelle Rittweger; (4) JCMC nurses

---

[2] The Court notes that Charles T. Rawley is Plaintiff's ex-husband and has custody of their child. Much of Plaintiff's initial complaint in this matter was dedicated to challenging the Richmond County Family Court system.

[3] Plaintiff has attached a copy of the TRO as Exhibit 6 to the Amended Complaint.

3

Emelyn Basalatan, Mimoza Brahimi, Michael Cancio, George Fay, Sally Kufczynski, and Dominique Williams; (5) JCMC Psychiatrist Aparna Raote; and (6) JCMC Medical Director Luke Uhang. Plaintiff also names the EPD, Mr. Rawley, and Ms. Herrera (Mr. Rawley's wife) as defendants.

Plaintiff asserts claims for violations of 28 U.S.C. § 1738A, 38 NYS 2d 196, 38 NYS 2d 199, 42 U.S.C. § 1983, 42 U.S.C. § 12101, 42 U.S.C. § 12181, 42 U.S.C. § 12182, 422 U.S.C. § 563, 422 U.S.C. § 576, 458 U.S.C. § 1119, 457 U.S.C. § 291, 457 U.S.C. § 292, 457 U.S.C. § 292, 457 U.S.C. § 293, 457 U.S.C. § 302, the Americans with Disabilities Act, the Fourth Amendment, the Fifth Amendment, the Fourteenth Amendment, and Substantive Due Process. See id. ¶ ii.

1. **Dismissal of Inapplicable Claims**

As set forth in the Court's prior opinion, 28 U.S.C. § 1738A provides that every state must give full faith and credit to child custody determinations made by another state. None of the allegations in the Complaint involve competing child custody determinations or the failure of one state to recognize another state's determination. Similarly, 422 U.S.C. § 563, 422 U.S.C. § 576, 458 U.S.C. § 1119, 457 U.S.C. § 291, 457 U.S.C. § 292, 457 U.S.C. § 292, 457 U.S.C. § 293, and 457 U.S.C. § 302 are not statutes. Thus, none of these references create a federal cause of action. Thus, to the extent that plaintiff states claims under these statutes, they are dismissed. Similarly, in the Amended Complaint, Plaintiff seeks to bring claims under 422 U.S.C. § 563, 422 U.S.C. § 576, 458 U.S.C. § 1119, 457 U.S.C. § 291, 457 U.S.C. § 292, 457 U.S.C. § 292, 457 U.S.C. § 293, and 457 U.S.C. § 302. None of these citations, however, are actual statutes. Thus, none of these references create a federal cause of action.

### 2. Plaintiff's Constitutional Claims

Plaintiff's allegations against the JCMC, a private hospital, and its employees must similarly fail. In Catlett v. NJ State Police, No. 12-153, 2013 WL 941059, at *1 (D.N.J. Mar. 11, 2013), the *pro se* plaintiff brought a section 1983 involuntary commitment claim against the police officers and the EMS service that responded to the scene and transported her, the hospital to which she was transported, and her treating physician at the hospital. Like the defendants here, the EMTs, hospital, and treating physician in Catlett were all private entities or employed by private entities. Id.

The Catlett Court noted that while private hospitals perform a public function, as a general matter, they do not act under color of state law:

> Whether conduct is fairly attributable to the state is a matter of normative judgment, but the Supreme Court explained: "We have treated a nominally private entity as a state actor when it is controlled by an agency of the State, when it has been delegated a public function by the State, when it is entwined with governmental policies, or when government is entwined in [its] management or control."

Id. The Catlett Court held that the fact that the police offices suggested the physicians make certain treatment decisions was insufficient to demonstrate that the state was "entwined" with the management or control of the hospital or that state actors "coerced, pressured, dictated or encouraged" the physician to take any specific action. Id. at *4; see also Zarebicki v. Devereux Foundation, No. 09-6205, 2011 WL 2582140 (E.D. Pa. June 30, 2011) (collecting cases and concluding a private mental health facility was not a state actor for purposes of § 1983 liability).

In a subsequent opinion, the Catlett Court addressed whether the private EMS that responded to the scene with police officers was a state actor under Section 1983. See 2013 WL 3949022, at *4 n.5 (D.N.J. July 31, 2013), *reconsideration denied*, 2013 WL 6095824, at *4

5

(D.N.J. Nov. 19, 2013). The court dismissed the EMS service because "nowhere in the Proposed Amended Complaint [was] there an allegation that the [] EMS or any of its employees had an agreed-upon objective to violate Plaintiff's constitutional rights when they acted." 2013 WL 6095824, at *4; see also Groman v. Twp. of Manalapan, 47 F.3d 628, 641 (3d Cir. 1995) (private first aid squad members were not state actors); Hollman v. Cnty. of Suffolk, No. 06-3589, 2011 WL 2446428, at *6 (E.D.N.Y. June 15, 2011).

Here, Plaintiff fails to allege that JCMC or any of its employees, including the responding EMTs, are state actors. Accepting as true Plaintiff's allegations that police officers and EMTs responded to the scene, that a police officer traveled with the ambulance to the hospital, and the police officers communicated with JCMC employees, these allegations do not rise to the level of "entwining" required to transform these private actors into state actors for the purposes of Section 1983 liability. Instead, Plaintiff's allegations that JCMC employees prohibited Officer Petersen from entering certain portions of the facility and that she continued to call Officer Petersen to request assistance while involuntary committed, undercut any imputation of an uniformity of interest between the police and the JCMC defendants.

Plaintiff similarly fails to assert a Section 1983 claim against the EPD. The EPD is referenced twice in the Amended Complaint. Plaintiff first alleges that, while she was being treated at the JCMC, she contacted the EPD regarding a welfare check for her son and the EPD was unable to contact Mr. Rawley because he did not answer his phone and provided the wrong address. In a separate incident occurring several months later, Plaintiff claims that after calling "911" in Elizabeth and requesting Mr. Rawley's arrest, two EPD officers arrived, threatened to arrest Plaintiff for violating a TRO filed against her by Mr. Rawley, "ripped her paperwork out

of her hand in an aggressive and violent manner," yelled at her, and refused to arrest Mr. Rawley. Am. Compl. ¶ 9.

At the outset, all Section 1983 claims against the EPD must be dismissed because a municipal police department is not an entity separate from the municipality and thus is not an appropriate defendant in a Section 1983 case. See Adams v. City of Camden, 461 F. Supp. 2d 263, 266 (D.N.J. 2006). To the extent Plaintiff seeks to bring suit against the City of Elizabeth, a municipality may be held liable under Section 1983 only when it causes a constitutional violation through the implementation of a policy, custom, or practice. Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 691 (1978). Here, Plaintiff has failed to identify any municipal policy or custom that caused her any injury. Thus, her claims also fail on that basis. Additionally, where there is no underlying constitutional violation, a Monell claim cannot stand. Knellinger v. York St. Property Development, LP, --- F. Supp. 3d ---, No. 14-4712, 2014 WL 5758007, at *6 (E.D. Pa. Nov. 6, 2014) (citing City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986)). Plaintiff has not alleged any deprivation of her constitutional rights by the EPD or its officers. She does not claim to have been arrested or detained by the EPD and does not allege that the EPD officers committed any due process violations. Thus, the constitutional claims therefore separately fail for this reason.

### 3. Plaintiff's Americans with Disabilities Act Claims

Finally, Plaintiff cites to three provisions of the Americans with Disabilities Act ("ADA"). As the Court stated in its prior opinion, the ADA does not create private causes of action against individuals. Boggi v. Med Review and Accrediting Council, 415 F. App'x 411, 415 (3d Cir. 2011) (individual defendants cannot be sued in their individual capacities under the ADA); Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) (holding there was no

individual liability under Titles I, II, or III of the ADA). Thus, the only Defendants against which Plaintiff could bring an ADA claim are the JCMC and the EPD.

As the JCMC is a private entity, Title II does not govern its conduct. See Green v. City of New York, 465 F. 65, 78 (2d Cir. 2006); Bowers v. Nat'l Collegiate Athletic Ass'n, 9 F. Supp. 2d 460, 474 (D.N.J. 1998). Instead, Plaintiff may recover only under Title III of the ADA. Title III, however, only allows for injunctive relief. See Aikins v. St. Helena Hosp., 843 F. Supp. 1329, 1338 (N.D. Cal. 1994). Thus to the extent Plaintiff seeks monetary relief from the JCMC, that claim is dismissed.

The only injunctive relief sought is the entry of an order forcing JCMC to "comply with Due Process Proceedings." See Am Compl. ¶ IV. To bring a claim for injunctive relief, a plaintiff must demonstrate standing, which includes proof of "a real and immediate threat of future harm." Access 4 All, Inc. v. Boardwalk Regency Corp., No. 08-3817, 2010 WL 4860565, at *3 (D.N.J. Nov. 23, 2010). Here, Plaintiff has not asserted that she plans to return to the JCMC and, as a resident of Staten Island, the Court cannot infer a likelihood of return. As such, Plaintiff has failed to demonstrate standing to obtain injunctive relief under the ADA against the JCMC.

As to the EPD, the Amended Compliant is devoid of any allegations that the EPD failed to accommodate any of Plaintiff's disabilities. As such, the Court finds Plaintiff has failed to plead an ADA cause of action against the EPD.

### IV. FORM OF DISMISSAL

Based upon the foregoing, the Court concludes that Plaintiff has failed to allege any federal cause of action against any Defendants. When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice to

leave to amend. Grayson v. Mayview State Hosp., 293 F.3d 103, 110–11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. Adams v. Gould, Inc., 739 F.2d 858, 864 (3d Cir. 1984).

The Court had previously granted Plaintiff the opportunity to cure. In the Court's prior Opinion, the Court explained that certain legal theories, such as Plaintiff's reliance on 28 U.S.C. § 1738A, 38 NYS 2d 196 and 38 NYS 2d 199, lacked merit. Plaintiff nonetheless continues to invoke these statutes in the Amended Complaint. Additionally, Plaintiff continues to list Charles T. Rawley and Nancy Herrera as Defendants, even though Judge Chen had dismissed all claims except those involving Plaintiff's involuntary commitment from the case. In fact, the Amended Complaint lacks any substantive allegations about Ms. Herrera.

Given that the Court has already provided Plaintiff the opportunity to cure and Plaintiff has disregarded the Court's past attempts to highlight Plaintiff's pleading deficiencies and limit the scope of this case, the Court concludes that future amendment as to all of Plaintiff's claims arising prior to her filing of the initial complaint would be futile. Thus, Plaintiff's Amended Complaint is dismissed with prejudice as to all Defendants except the EPD. See Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004); Bethea v. Nation of Islam, 248 F. App'x 331, 333 (3d Cir. 2007); Black v. City of Harrisburg, No. 14-965, 2014 WL 3943831, at *1 (M.D. Pa. Aug. 11, 2014).

Plaintiff's claims against the EPD, however, arose after the initial complaint was filed. Thus, this *pro se* plaintiff did not have, and could not have had, the benefit of the Court's opinion as to those claims. Thus, the Court shall dismiss Plaintiff's claims against the EPD without prejudice. Plaintiff shall have 30 days to file an amended complaint **only as to the events**

9

**occurring after October 10, 2014** and that cures the deficiencies set forth herein. If Plaintiff does not submit an amended complaint curing these deficiencies within 30 days, however, then the dismissal will be with prejudice. This shall be Plaintiff's final attempt to cure.

## V. CONCLUSION

For the reasons set forth herein, Plaintiff's claims are **DISMISSED WITH PREJUDICE** against all defendants except the EPD. Plaintiff's claims against the EPD are **DISMISSED WITHOUT PREJUDICE**. An accompanying Order will be entered.


**Dated: June 11, 2015**                                   */s Madeline Cox Arleo*
                                                           **Hon. Madeline Cox Arleo**
                                                           **United States District Judge**