**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JESSICA C. GRAHAM, Individually &
o/b/o J.P.S.R.,

*Plaintiffs*,

v.

CHARLES T. RAWLEY, *et al*,

*Defendants*.

Civil Action No. 14-6743

**OPINION**

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court by way of four motions to dismiss filed by multiple Defendants in this matter. D.E. 32, 41, 51, 54. Plaintiff Jessica C. Graham did not oppose Defendants' motions. The Court reviewed Defendants' submissions in support and considered the motions without oral argument pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 78.1(b). For the reasons stated below, the motions are **GRANTED**.

I. **BACKGROUND**

Plaintiff filed her original *pro se* complaint on or about October 3, 2014 in the Eastern District of New York. *See* Transfer Order, D.E. 6. The complaint alleged that Plaintiff's constitutional rights were violated (1) in connection to a child custody dispute involving her son J.P.S.R., and (2) when she was involuntarily brought to and detained at Jersey City Medical Center ("JCMC"). *Id.* at 2-3. Because Plaintiff requested to proceed *in forma pauperis*, Judge Chen screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Judge Chen dismissed Plaintiff's claims regarding the child custody dispute because the Court lacked subject matter

jurisdiction and transferred the remainder of the claims to this district because the events occurred in Jersey City, New Jersey. *Id.* at 4-6.

After the case was transferred, Plaintiff filed a second application to proceed *in forma pauperis*. D.E. 8. As a result, Judge Arleo conducted a Section 1915(e)(2)(B) screening of the transferred claims, which involved the JCMC incident and asserted claims against JCMC employees, Defendant Peterson, and John Doe Officers. D.E. 12. Judge Arleo granted Plaintiff's application to proceed *in forma pauperis* but dismissed Plaintiff's complaint for failing to state a claim upon which relief can be granted. *Id.* at 4-6. Judge Arleo concluded that Plaintiff could not assert claims under multiple federal criminal and civil statutes that were listed in the complaint, and that Plaintiff failed to assert any federal causes of action against the Defendants. *Id.* Judge Arleo, however, granted Plaintiff leave to file an amended complaint. *Id.* at 6-7.

Plaintiff filed an amended complaint (the "FAC") on February 17, 2015. The FAC included many of the same facts and legal theories as the original complaint and asserted claims against JCMC, multiple JCMC staff members, the Elizabeth Police Department ("EPD"), Mr. Rawley and Ms. Herrera.[1] D.E. 14. Specifically, the FAC (1) addressed Plaintiff's involuntary hospitalization at JCMC (*id.* ¶ 2); and (2) contained allegations involving an incident that occurred on February 15, 2015 with Mr. Rawley and two EPD police officers (*id.* ¶ 9). Judge Arleo screened the FAC because Plaintiff was still proceeding *in forma pauperis* and dismissed the FAC in its entirety because Plaintiff failed to assert any federal claims against Defendants. D.E. 15. Judge Arleo granted Plaintiff leave to file a second amended complaint, only as to the EPD, and only as to events that occurred after October 10, 2014. Judge Arleo dismissed the remainder of the claims

---

[1] Mr. Rawley is Plaintiff's ex-husband and Ms. Herrera is allegedly married to Mr. Rawley. TAC at 3.

2

and Defendants with prejudice because she determined that providing Plaintiff with an opportunity to cure would be futile. *Id.* at 8-9.

Plaintiff filed a second amended complaint (the "SAC") on June 16, 2015 against the EPD, the City of Elizabeth, and EPD Police Officers Shalen, Vazquez, Hilongos, Wassel, and Arena. D.E. 17. The SAC was dismissed on October 6, 2015, after Judge Arleo learned that Plaintiff's application to proceed *in forma pauperis* was denied in another case because she had a "substantial surplus income per month." D.E. 18. Judge Arleo determined that Plaintiff was no longer indigent, therefore she did not qualify for *in forma pauperis* status. Judge Arleo, however, provided Plaintiff thirty days to refile her amended complaint with the necessary filing fee. *Id.*

Plaintiff paid the filing fee on November 6, 2015, and filed a third amended complaint (the "TAC") on January 14, 2016.[2] D.E. 23. Much like Plaintiff's prior pleadings, the TAC appears to assert claims pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act (the "ADA"), and various federal statutes. However, while the TAC does assert facts regarding the February 15 incident, it also addresses the JCMC incident, despite the fact that Judge Arleo dismissed Plaintiff's claims as to the incident with prejudice. The TAC also includes the following new factual allegations (1) that Rawley and Herrera took J.P.S.R. out of the country; (2) questions regarding Herrera's immigration status; (3) that multiple individuals and agencies failed to investigate Plaintiff's complaints regarding Rawley and Herrera; (4) allegations as to individual police officer's improper use of force and the improper arrest of Plaintiff; and (5) the issuance of arrest warrants and judicial orders based on false information. The TAC also includes J.P.S.R. as

---

[2] Before filing the TAC, Plaintiff sought to consolidate this matter with two other cases. D.E. 19. Plaintiff's request to consolidate was denied because one of the cases was closed after Plaintiff voluntarily withdrew the complaint and the other was administratively terminated after Plaintiff's request to proceed *in forma pauperis* was denied. D.E. 20.

3

an additional Plaintiff and asserts claims against numerous new defendants, including three New Jersey state judges and judicial officers, the FBI, the Jersey City Police Department, the Union County Sheriff's Office, and individual Union County and Elizabeth police officers. D.E. 23.

After being served with the TAC, the Union County Sheriff's Department and Union Sheriff's Officers McCarthy, Genova and DeSanto answered the TAC. D.E. 30. The following parties filed motions to dismiss: (1) the City of Elizabeth, the EPD, the Municipal Court of the City of Elizabeth, Carmela Mozza, Carl Marshall, Victor Arena, Joseph Wassel, Ralph Vazquez, Sergeants Moloney and Hilongos, Lieutenant Rodriguez, and Rense Schalen (collectively "the Elizabeth Defendants") (D.E. 32); (2) the City of Jersey City, the Jersey City Police Department, and Officer Eric C. Peterson (collectively the "Jersey City Defendants") (D.E. 41); (3) Judges Candido Rodriguez, James Wilson, and John Hudak, James S. Agro, the Union County Prosecutor's Office, the State of New Jersey Department of Children and Families (the "DCF"), the State of New Jersey Judiciary – Union Vicinage, the New Jersey State Police, and Agnes Ekama (collectively the "State Defendants") (D.E. 51); and (4) the FBI (D.E. 54). As a whole, the parties moving for dismissal argue that the TAC should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff fails to state any federal claims upon which relief can be granted. The State Defendants and the FBI also contend that they are immune from this lawsuit, and therefore the claims asserted against them should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

After the Elizabeth Defendants filed their motion to dismiss, Plaintiff filed a letter requesting that the matter not be decided on the papers. D.E. 34. Plaintiff, however, did not substantively oppose any of the pending motions.

## II. LEGAL STANDARD

4

A motion to dismiss based upon sovereign immunity is properly brought pursuant to Rule 12(b)(1) because sovereign immunity implicates the Court's subject-matter jurisdiction. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984)) ("[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction."). In deciding a Rule 12(b)(1) motion to dismiss, a court must first determine whether the party presents a facial or factual attack because that distinction determines how the pleading is reviewed. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "A facial attack concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Young v. United States*, 152 F. Supp. 3d 337, 345 (D.N.J. 2015). Here, the State Defendants and the FBI assert the defense of sovereign immunity through the pleadings alone, thereby raising a facial attack. *See Perez v. New Jersey*, No. 14-4610, 2015 WL 4394229, at *3 (D.N.J. July 15, 2015) ("[T]he State Defendants' motion asserts the defense of sovereign immunity based on the facts as pleaded in the Second Amended Complaint and is thus a facial attack."). Accordingly, "the court must only consider the allegations of the complaint and documents referenced therein . . . in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims."

*Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.

In addition, because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 14, 2010) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

## III. ANALYSIS

### A. NEW PARTIES TO THE MATTER

Through the TAC, Plaintiff seeks to include J.P.S.R. as a plaintiff. Federal Rule of Civil Procedure 20 governs the joinder of parties. "Joinder under Rule 20 is discretionary and when the District Court exercises that discretion, it 'must provide a reasoned analysis that comports with the requirements of the Rule.'" *Islaam v. Greco*, No. 12-7022, 2014 WL 672985, at *3 (D.N.J. Feb. 21, 2014) (quoting *Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009)). In addition, Rule 21 provides that "on motion or on its own, the court may . . . on just terms, add or drop a party." Fed. R. Civ. P. 21. Pursuant to Rule 21, "[w]here a plaintiff fails to satisfy the conditions of permissive joinder under Rule 20(a), a court may 'grant severance or dismissal to the improper party if it will not prejudice any substantial right' [in order] to remedy improper joinder." *Tredo v. Ocwen Loan*

6

*Servicing, LLC*, No. 14-3013, 2014 WL 5092741, at *3 (D.N.J. Oct. 10, 2014) (quoting *Sabolsky v. Budzanoski*, 457 F.2d 1245, 1249 (3d Cir. 1972)) (dismissing improperly joined plaintiffs pursuant to Rule 21).

In this instance, Plaintiff is not permitted to join J.P.S.R. as a plaintiff. Rule 20(a) provides that plaintiffs may be joined if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Although many factual allegations in the TAC relate to J.P.S.R.'s care and custody, the TAC does not appear to seek remedies for harm that J.P.S.R. allegedly suffered. Consequently, J.P.S.R. is misjoined as a party to this action and he will be dismissed.

The TAC also includes many new defendants in this matter despite clear directions from Judge Arleo that Plaintiff was only permitted to file an amended complaint as to the EPD. D.E. 15 at 9-10. Rule 20(a)(2) provides that defendants may be joined in an action if: "(A) any right to relief is asserted against them jointly severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Rather than addressing whether the new defendants have been improperly joined, the Court will address the substantive arguments raised in each parties' motion to dismiss.

### B. CLAIMS PREMISED ON FEDERAL STATUTES

Judges Chen and Arleo previously determined that Plaintiff could not bring claims under multiple federal statutes because they did not create private causes of action. D.E. 6 at 1 n.1, D.E. 12 at 5. The TAC lists twelve new, largely criminal, federal statutes under which Plaintiff apparently attempts to bring claims against Defendants. But Plaintiff cannot bring claims pursuant

7

to any of these statutes because none of the statutes create a private cause of action. *Gross v. Cormack*, No. 13-4152, 2013 WL 6624051, at *2 (D.N.J. Dec. 16, 2013) (concluding that claims predicated on four federal criminal statutes where "none of [the statutes] contain language that explicitly confers a private cause of action" did not satisfy pleading standards). Consequently, any claim that is premised on these federal statutes[3] is dismissed as to the FBI, the State Defendants, the Jersey City Defendants, and the Elizabeth Defendants.

## C.   CLAIMS UNDER THE ADA

Plaintiff also appears to assert claims under the ADA. Judge Arleo, however, already concluded that Plaintiff failed to plead ADA claims. Judge Arleo determined, in part, that Plaintiff failed to allege that any Defendant intentionally discriminated against her. D.E. 12 at 5-6, D.E. 15 at 7-8. The ADA claims in the TAC fail for the same reasons -- Plaintiff does not plead that she was discriminated against, in any respect or by any of the moving Defendants, because of a disability. As a result, the ADA claims will be dismissed as to the FBI, the State Defendants, the Jersey City Defendants, and the Elizabeth Defendants.

## D.   THE FBI'S MOTION TO DISMISS

The FBI argues that it should be dismissed from the matter because it is immune from suit. FBI Br. at 2-3. "Without a waiver of sovereign immunity, a court is without subject matter jurisdiction over claims against federal agencies or officials in their official capacities." *Treasurer*

---

[3] The TAC references the following federal criminal statutes 8 U.S.C. § 1325(c) (marriage fraud), 18 U.S.C. § 47 (use of aircraft or motor vehicles to hunt certain wild horses or burros and pollution of watering holes), 18 U.S.C. § 287 (making false claims to the federal government), 18 U.S.C. § 1028 (fraud), 18 U.S.C. § 1204 (international parental kidnapping), 18 U.S.C. § 1546 (visa fraud), 18 U.S.C. § 1621 (perjury), 42 U.S.C. § 121 (repealed), and 42 U.S.C. § 408 (social security fraud). The TAC also references the following non-criminal statutes: 21 U.S.C. § 1706 (establishing the "High Intensity Drug Trafficking Areas Program") and 42 U.S.C. § 13031 (setting child abuse reporting requirements), and 20 U.S.C. § 33 (repealed).

8

*of N.J. v. U.S. Dep't of Treasury*, 684 F.3d 382, 395 (3d Cir. 2012) (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). A waiver of sovereign immunity "must be unequivocally expressed in the statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Moreover, a waiver of immunity "is construed strictly in favor of the sovereign." *Clinton Cty. Comm'rs v. E.P.A.*, 116 F.3d 1018, 1021 (3d Cir. 1997) (quoting *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992)). Here, Plaintiff fails to establish that Congress expressly waived sovereign immunity as to the Section 1983 claims that she asserts against the FBI. *See, e.g.*, *Mierzwa v. United States*, 282 F. App'x 973, 976-77 (3d Cir. 2008) ("Neither the United States nor its agencies have waived sovereign immunity for constitutional claims."). In addition, Section 1983 permits individuals to bring suit against persons who act under color of state law. *See* 42 U.S.C. § 1983. By its express terms, however, "Section 1983 does not apply to the federal government or its officers in their official capacities." *Soobzokov v. Holder*, No. 10-6260, 2011 WL 2293853, at *6 (D.N.J. June 7, 2011). The FBI, therefore, is immune from this suit and is dismissed as a party.

### E.     THE STATE DEFENDANTS' MOTION TO DISMISS

The State Defendants argue that the TAC must be dismissed as to them because it is barred by the Eleventh Amendment. State Defs' Br. at 7. The Eleventh Amendment protects unconsenting States from suit in a federal court by one of its own citizens. *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 (3d Cir. 1996) (citing U.S. Const. amend. XI). It is clear that states are immune from Section 1983 claims; states are not "persons" within the meaning of Section 1983, and cannot be held liable under Section 1983. *Blanciak*, 77 F.3d at 697 (citing *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66 (1989)). Eleventh Amendment immunity extends to state departments and agencies that are arms of the state. *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 545 (3d Cir. 2007) (citing *Regents of the Univ. of Ca. v. Doe*, 519 U.S. 425,

429 (1997); *Pennhurst State Sch. & Hosp.*, 465 U.S. at 101)). The DCF, the State of New Jersey Judiciary -- Union Vicinage, and the New Jersey State Police are all arms of the state. Consequently, they are entitled to immunity under the Eleventh Amendment for the Section 1983 claims asserted in the TAC. *See Dongon v. Banar*, 363 F. App'x 153, 156 (3d Cir. 2010) ("the state courts . . . are entitled to immunity under the Eleventh Amendment because they are part of the judicial branch of the State of New Jersey, and therefore considered 'arms' of the state" (citing *Johnson v. New Jersey*, 869 F. Supp. 289, 296-98 (D.N.J. 1994))); *Simmerman v. Corino*, 804 F. Supp. 644, 650 (D.N.J. 1992) (concluding that state police was an arm of the state and entitled to Eleventh Amendment immunity); *Rich v. New Jersey*, No. 14-2075, 2015 WL 2226029, at *7-8 (D.N.J. May 12, 2015) (stating that Section 1983 claims asserted against the DCF were barred by sovereign immunity).

The Union County Prosecutor's Office is also entitled to sovereign immunity. A suit may be barred by the Eleventh Amendment "even though the state is not named a party to the action, *as long as the state is the real party in interest.*" *Carter v. City of Philadephia*, 181 F.3d 339, 347 (3d Cir. 1999) (quoting *Fitchik v. N.J. Transit Rail Operations*, 873 F.2d 655, 658 (3d Cir. 1989)). The Third Circuit has determined that county prosecutors act as agents of the state when they "execute their sworn duties to enforce the law by making use of all the tools lawfully available to them to combat crime." *Coleman v. Kaye*, 87 F.3d 1491, 1499 (3d Cir. 1996). When county prosecutor offices engage in this law enforcement function, they act "as an arm of the state and [are] entitled to immunity under the Eleventh Amendment." *Beightler v. Office of the Essex Cty. Prosecutor*, 342 F. App'x 829, 832 (3d Cir. 2009). In this instance, Plaintiff's claims against the Union County Prosecutor's Office are based on its alleged failure to investigate Plaintiff's complaints. TAC at 10. The decision as to whether to pursue and investigate citizen complaints

is a quintessential example of a "law enforcement function" that entitles the office to immunity. Consequently, the Union County Prosecutor's Office is also immune from suit and is dismissed as a party to this matter.

The Eleventh Amendment does not bar suits against individuals in all respects. However, Plaintiff's claims against Defendants Rodriguez, Wilson, and Hudak, the New Jersey state judges, are barred by the doctrine of judicial immunity. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'" *Id.* (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). Judicial immunity protects judges from Section 1983 suits. *Brown v. Donio*, No. 14-5697, 2014 WL 5089579, at *2 (D.N.J. Oct. 9, 2014) (citing *Pierson v. Ray*, 386 U.S. 547, 553-55 (1997)). The allegations in the TAC that relate to the state judges involve issuing orders and ruling from the bench; acts that are clearly judicial acts. Moreover, Plaintiff provides no indication that any of the state judges acted in clear absence of their jurisdiction. Consequently, the state judges are dismissed from this suit because they are immune.

Finally, the Section 1983 claims against Agro and Ekama will be dismissed pursuant to the doctrine of quasi-judicial immunity. Courts have extended quasi-judicial immunity to court clerks who are alleged to have acted incorrectly or improperly in similar circumstances, namely in carrying out their job as a court clerk. *See, e.g., Wicks v. Lycoming County*, 456 F. App'x 112, 115 (3d Cir. 2012) ("In transferring the case, [the county court administrator] was simply carrying out part of his official duties as court administrator, and thus he is shielded from liability by the

doctrine of quasi-judicial immunity."); *Bartee v. Billotti*, No. 16-0805, 2016 WL 4744137, at *2 (D.N.J. Sept. 12, 2016) (dismissing claims against court clerk on grounds of immunity). Agro and Ekama's alleged wrongful conduct, signing orders, falls squarely within their role as court administrators. Consequently, they are also entitled to immunity and are dismissed from this matter.

## F.     THE JERSEY CITY DEFENDANTS' MOTION

The Jersey City Defendants argue that the claims asserted against them should be dismissed for failure to state a claim. Jersey City Br. at 8-12.

First, the Jersey City Police Department is dismissed as a party because a municipal police department is not a separate entity from the municipality, and therefore is not an appropriate defendant in a Section 1983 case. *See Adams v. City of Camden*, 461 F. Supp. 2d 263, 266 (D.N.J. 2006). In addition, the claims against the City of Jersey City will be dismissed because Plaintiff fails to identify a policy or custom of Jersey City that resulted in an injury. A municipality cannot be held vicariously liable under Section 1983 for the actions of its agents. Instead, a municipality will only be liable if "a municipal 'policy' or 'custom' . . . caused the plaintiff's injury." *Id.* at 267 (quoting *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 403-04 (1997)). Plaintiff's sole allegation as to Jersey City, that officers improperly detained and transferred Plaintiff to JCMC, falls far short of plausibly alleging a policy or custom that resulted in an injury to Plaintiff. *See, e.g., McGann v. Collingswood Police Dept.*, No. 10-3458, 2012 WL 983686, at *8 (D.N.J. Mar. 22, 2012) (concluding that allegations as to one encounter with a police officer did not establish any policy or custom that would support a Section 1983 claim). Consequently, the claims against Jersey City are dismissed pursuant to Rule 12(b)(6).

Next, Plaintiff cannot assert claims against Officer Peterson in the TAC because Judge Arleo previously dismissed claims in the SAC that related to Officer Peterson and the JCMC incident *with prejudice*. Judge Arleo concluded that any amendment would be futile because Plaintiff had been given an opportunity to cure the pleading deficiencies but failed to heed the Court's advice as to how to fix those deficiencies in subsequent pleadings. D.E. 15 at 8. A dismissal with prejudice operates as an adjudication on the merits and bars a later action against the same defendants or their privies. *Gambocz v. Yelencsics*, 468 F.2d 837, 840 (3d Cir. 1972). Because the claims asserted against Officer Peterson here are virtually identical to Plaintiff's prior pleadings, they cannot be asserted in any amended pleading.

### G. THE ELIZABETH DEFENDANTS' MOTION TO DISMISS

As explained above, *see supra* at Section F, Plaintiff's claims against the EPD are dismissed because a municipal police department is not a proper party for a Section 1983 claim. *See Adams*, 461 F. Supp. 2d at 266. Similarly, the claims against the City of Elizabeth are dismissed because, as with the claims against the City of Jersey City, Plaintiff fails to plausibly allege facts that establish a municipal policy or custom that caused Plaintiff injuries. *Id.* at 267. While the TAC does mention the City of Elizabeth on numerous occasions, there are no direct factual allegations as to Elizabeth. *See, e.g., McGann*, 2012 WL 983686, at *8.

Next, the TAC names Sergeant Hilongos and the Municipal Court of the City of Elizabeth, but fails to attribute any specific facts to either of these Defendants. In bringing a Section 1983 claim, a plaintiff must allege the nature of the unconstitutional conduct, and the time, place, and persons responsible. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980)). Because the TAC fails to attribute specific incidents or facts to Hilongos and the Municipal Court, Plaintiff's claims against these

13

Defendants fail and are dismissed. Similarly, the Court will dismiss the Section 1983 claims against Defendant Wassel because Plaintiff does not attribute any wrongdoing to him. Although Wassell is included in a number of Plaintiff's claims, the only factual allegations that involve him are that he responded to 911 calls from Plaintiff and reviewed a custody order. This conduct does not amount to any constitutional violation.

Next, Plaintiff alleges that Mozza and Marshall issued fake warrants for Plaintiff's arrest. TAC at 13. The claims against Judge Marshall will be dismissed pursuant to the doctrine of judicial immunity as there are no facts indicating that Judge Marshall acted with a clear absence of jurisdiction. *See, supra Capogrosso*, 588 F.3d at 184 (3d Cir. 2009) (quoting *Azubuko*, 443 F.3d at 303). Similarly, the claims against Mozza will be dismissed pursuant to the doctrine of quasi-judicial immunity. It appears to the Court that Mozza and Marshall engaged in the same conduct here -- issuing warrants. Consequently, at least in this capacity, Mozza exercised discretionary judgment and is therefore entitled to quasi-judicial immunity. *See, supra Wicks*, 456 F. App'x at 115 ("In transferring the case, [the county court administrator] was simply carrying out part of his official duties as court administrator, and thus he is shielded from liability by the doctrine of quasi-judicial immunity."); *Bartee*, 2016 WL 4744137, at *2 (dismissing claims against court clerk on grounds of immunity). As a result, the claims against Mozza are also dismissed.

That leaves the Section 1983 claims against the individual EPD police officers. Plaintiff alleges that Officers Arena, Vazquez, Schalen, and Maloney harassed, used excessive force and illegally detained Plaintiff. TAC at 13, 15. Plaintiff additionally contends that Rodriguez threatened and harassed Plaintiff. *Id.* at 14. First, the allegations as to Plaintiff's illegal detention fail. "To prevail on [a] false arrest claim, plaintiffs would have to demonstrate at trial that the police lacked probable cause to arrest [plaintiffs]." *Groman v. Township of Manalapan*, 47 F.3d

14

628, 634 (3d Cir. 1995). "[P]robable cause is defined in terms and circumstances sufficient to warrant a prudent man in believing that the suspect had committed or was committing a crime." *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 789 (3d Cir. 2000) (citing *Sharrar v. Felsing*, 128 F.3d 810, 817-18 (3d Cir. 1997)). Plaintiff alleges, in a conclusory manner, that she was falsely arrested and illegally detained. But to state a claim for relief, Plaintiff must plausibly assert why the Defendants lacked probable cause to arrest her. Plaintiff fails to do so.

As for Plaintiff's allegations of excessive force, "[a] cause of action exists under § 1983 when a law enforcement officer uses force so excessive that it violates" the Fourth Amendment's protection from unreasonable search and seizure. *Groman*, 47 F.3d at 633-34. When a police officer uses force to effectuate an arrest, that force must be reasonable. *Id.* at 634 (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The reasonableness of the force used is measured by "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* (quoting *Graham*, 490 U.S. at 396). Here, Plaintiff fails to allege sufficient facts to survive a motion to dismiss. For example, the Court does not know what type of force was used on Plaintiff, whether the Officers had reason to believe the Plaintiff posed an immediate threat to their safety or had reason to believe that she was resisting arrest or attempting to flee. *See, e.g., Bradley v. Jersey City Police Dep't*, No. 12-5236, 2013 WL 4606710, at *5 (D.N.J. Aug. 29, 2013) (dismissing excessive force claim due to "the absence of a fuller factual description, and where the only harm Plaintiff is alleged to have suffered is the discomfort of tight handcuffs"). Finally, "mere verbal threats do not provide a basis for a viable § 1983 claim." *Sweetman v. Borough of Norristown, PA*, 554 F. App'x 86, 90 (3d Cir. 2014) (citing *Hopson v. Fredericksen*, 961 F.2d

15

1374, 1378 (8th Cir. 1992)). Consequently, the Section 1983 claims against Arena, Vazquez, Schalen, Maloney, and Rodriguez are dismissed.

Lastly, Plaintiff states that Maloney failed to investigate Plaintiff's complaints. *Id.* at 15. "[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (quoting *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989)). Because Plaintiff does not sufficiently allege any other constitutional violation, her failure to investigate claim fails.

## IV. DISMISSAL WITH PREJUDICE

As discussed above, Plaintiff fails to state any federal cause of action against any of the parties moving for dismissal. When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with or without prejudice. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). As discussed, a party may not amend a complaint that is dismissed with prejudice because a dismissal with prejudice operates as an adjudication on the merits and bars a later action against the same defendants or their privies. *Gambocz*, 468 F.2d at 840. The district court may dismiss with prejudice, thus denying leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould Inc.*, 739 F.2d 858, 864 (3d Cir. 1984).

In this instance, Plaintiff has already been granted two opportunities to cure. Judges Arleo and Chen have already explained to Plaintiff that certain legal theories lack merit, yet Plaintiff continues to assert these same legal theories in her amended pleadings. Moreover, although Judge Arleo granted Plaintiff leave to re-plead her claims against the EPD, Plaintiff still fails to state any

16

federal causes of action against the EPD or any of the individual EPD parties that were included in the TAC for the first time. Finally, the majority of the new parties that Plaintiff included in the TAC are immune from suit. Consequently, the Court concludes that any amendment would be futile. As a result, Plaintiff's claims are dismissed with prejudice.

## V. CONCLUSION

For the foregoing reasons, the Defendants' motions to dismiss, D.E. 32, 41, 51, 54, are **GRANTED**. The following Defendants are **DISMISSED** with prejudice from this matter because they are immune from this suit: the Federal Bureau of Investigation, the Honorable Candido Rodriguez, the Honorable James Wilson, the Honorable John Hudak, the Union County Prosecutor's Office, the State of New Jersey Department of Children and Families, the State of New Jersey Judiciary – Union Vicinage, the New Jersey State Police, Agnes Ekama, James S. Agro, Carmela Mozza, and Carl Marshall. In addition, the Jersey City Police Department and the Elizabeth Police Department are **DISMISSED** with prejudice because they are not proper parties. In addition, the claims asserted against Eric C. Peterson have already been **DISMISSED** with prejudice and cannot be reasserted in this or any subsequent pleading. Finally, the claims asserted against the City of Jersey City, Victor Arena, the City of Elizabeth, the Municipal Court of the City of Elizabeth, Joseph Wassel, Ralph Vazquez, Sergeants Moloney and Hilongos, Lieutenant Rodriguez, and Rense Schalen are **DISMISSED** with prejudice pursuant to Rule 12(b)(6) for failure to state a claim.

Dated: December 29, 2016

John Michael Vazquez, U.S.D.J.