Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JESSICA C. GRAHAM, Individually & o/b/o J.P.S.R., *Plaintiffs*, v. CHARLES T. RAWLEY, *et al*, *Defendants*. | Civil Action No. 14-6743 **OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court by way of the motion to dismiss filed by Defendants Sheriff's Officers Anthony Genova, M. DeSanto and McCarthy, and the Union County Sheriff's Office (the "Union County Defendants"). D.E. 70. Plaintiff Jessica C. Graham did not oppose the Union County Defendants' motion. The Court reviewed the Union County Defendants' submission in support and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 78.1(b). For the reasons stated below, the motion is **GRANTED**.

I. **BACKGROUND**

Plaintiff filed her original *pro se* complaint on or about October 3, 2014 in the Eastern District of New York. *See* Transfer Order, D.E. 6. The complaint alleged that Plaintiff's constitutional rights were violated (1) in connection to a child custody dispute involving her son J.P.S.R., and (2) when she was involuntarily brought to and detained at Jersey City Medical Center ("JCMC"). *Id.* at 2-3. Because Plaintiff requested to proceed *in forma pauperis*, Judge Chen screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Judge Chen dismissed

Plaintiff's claims regarding the child custody dispute because the Court lacked subject matter jurisdiction and transferred the remainder of the claims to this district because the events occurred in Jersey City, New Jersey. *Id.* at 4-6. After the case was transferred, Judge Arleo screened the transferred claims pursuant to Section 1915. D.E. 12. Judge Arleo granted Plaintiff's application to proceed *in forma pauperis* but dismissed Plaintiff's complaint for failing to state a claim upon which relief can be granted. *Id.* at 4-6. Judge Arleo, however, granted Plaintiff leave to file an amended complaint. *Id.* at 6-7.

Plaintiff filed an amended complaint (the "FAC") on February 17, 2015. The FAC included many of the same facts and legal theories as the original complaint and asserted claims against JCMC, multiple JCMC staff members, the Elizabeth Police Department ("EPD"), Mr. Rawley and Ms. Herrera.[1] D.E. 14. Judge Arleo screened the FAC because Plaintiff was still proceeding *in forma pauperis* and dismissed the FAC in its entirety because Plaintiff failed to assert any federal claims against Defendants. D.E. 15. Judge Arleo granted Plaintiff leave to file a second amended complaint, only as to the EPD and only as to events that occurred after October 10, 2014. Judge Arleo dismissed the remainder of the claims and Defendants with prejudice because she determined that providing Plaintiff with an opportunity to cure would be futile. *Id.* at 8-9.

Plaintiff filed a second amended complaint (the "SAC") on June 16, 2015 but it was dismissed after Judge Arleo learned that Plaintiff's application to proceed *in forma pauperis* was denied in another case because she had a "substantial surplus income per month." D.E. 18. Judge Arleo determined that Plaintiff was no longer indigent, therefore, she did not qualify for *in forma*

---

[1] Mr. Rawley is Plaintiff's ex-husband and Ms. Herrera is allegedly married to Mr. Rawley. TAC at 3.

2

*pauperis* status. Judge Arleo, however, provided Plaintiff thirty days to refile her amended complaint with the necessary filing fee. *Id.*

Plaintiff paid the filing fee and filed a third amended complaint (the "TAC") on January 14, 2016. D.E. 23. The TAC includes numerous new parties, including the Union County Defendants, factual allegations, and causes of action, in addition to including parties and claims that have already been dismissed with prejudice. D.E. 23. After being served with the TAC, every Defendant except for the Union County Defendants filed motions to dismiss, which were granted in their entirety. D.E. 66. The Union County Defendants answered the TAC. D.E. 30. Now, the Union County Defendants seek dismissal of the claims asserted against them pursuant to Federal Rule of Civil Procedure 12(c).

## II.  **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." A motion for judgment on the pleadings is reviewed pursuant to the same standard as a motion to dismiss. *Wyndham Constr., LLC v. Columbia Cas. Ins. Co.*, No. 15-7667, 2016 WL 5329585, at *2 (D.N.J. Sept. 21, 2016). Thus, under Rule 12(c), "a court must take all allegations in the relevant pleading as true, viewed in the light most favorable to the non-moving party." *N.J. Physicians United Reciprocal Exch. v. Boynton & Boynton, Inc.*, 141 F. Supp. 3d 298, 302 (D.N.J. 2015). The Court, however, is not required to accept "unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations." *Allah v. Brown*, 351 F. Supp. 2d 278, 280 (D.N.J. 2004). The motion should not be granted "unless the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgement as a matter of law." *Perez v. Griffin*, 304 F. App'x 72, 74 (3d Cir. 2008) (internal quotation marks omitted).

In addition, because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 14, 2010) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

### III. ANALYSIS

The Union County Defendants argue that the claims asserted against them should be dismissed because Plaintiff fails to plead sufficient facts necessary to support a claim. Union Defs' Br. at 2, D.E. 70-2.

The TAC names Genova, DeSanto and the Union County Sheriff's Office[2] as Defendants but fails to include any allegations as to their wrongdoing. In a paragraph alleging that a judge in Union County issued a temporary order of protection, the TAC states that "Plaintiff believes that the Union County Sheriff's Officer is Anthony Genova & M. Desanto." TAC ¶ 52. This is the only factual allegation as to these officers. In addition, the paragraph with this statement does not attribute any wrongdoing to Genova and DeSanto. Moreover, there are no factual allegations as to the Union County Sheriff's Office. In bringing a Section 1983 claim, a plaintiff must allege the nature of the unconstitutional conduct, as well as the time, place, and persons responsible. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*,

---

[2] Although not raised by the Union County Defendants, the Union County Sheriff's Office is not a proper Section 1983 Defendant. "[S]heriff's departments and corrections departments are not separate legal entities from the County, and therefore cannot be independently sued for violations of [Section] 1983 and [Section] 1985." *Medina v. Cumberland County*, No. 11-905, 2011 WL 1750738, at *2 (D.N.J. May 3, 2011).

4

621 F.2d 75, 80 (3d Cir. 1980)). Because Plaintiff does not attribute any wrongdoing to these Defendants, they are dismissed.

Next, Plaintiff alleges that she was illegally detained, handcuffed, and held against her will by McCarthy. TAC ¶ 54. These allegations as to Plaintiff's illegal detention, which is in essence a false arrest claim, fail. To prevail on a claim for false arrest a plaintiff must demonstrate that the police lacked probable cause to arrest plaintiffs. *Groman v. Township of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995). "[P]robable cause is defined in terms and circumstances sufficient to warrant a prudent man in believing that the suspect had committed or was committing a crime." *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 789 (3d Cir. 2000) (citing *Sharrar v. Felsing*, 128 F.3d 810, 817-18 (3d Cir. 1997)). Plaintiff alleges, in a conclusory manner, that she was falsely arrested and illegally detained. Plaintiff, however, fails to provide any necessary factual allegations as to her allegedly illegal detention. To state a claim for relief, Plaintiff must plausibly assert why Defendant McCarthy lacked probable cause to arrest her. Plaintiff fails to do so. Consequently, the Section 1983 claim against McCarthy is dismissed.

## IV.   **DISMISSAL WITH PREJUDICE**

Generally, when dismissing a case for failure to state a claim, a district court will provide a plaintiff with an opportunity to amend unless an amendment would be inequitable or futile. *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). "This is true even where the plaintiff's failure to state a claim is raised in defendant's Rule 12(c) motion." *See Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988). In this instance, Plaintiff has already been granted two opportunities to cure. Judges Arleo and Chen have already explained to Plaintiff that certain legal theories lack merit, yet Plaintiff continues to assert these same legal theories in her amended pleadings, asserting these claims against parties with no factual basis. Consequently,

the Court concludes that any amendment would be futile. As a result, Plaintiff's claims are dismissed with prejudice. A dismissal with prejudice operates as an adjudication on the merits and bars a later action against the same defendants or their privies concerning the factual allegation raised. *Gambocz v. Yelencsics*, 468 F.2d 837, 840 (3d Cir. 1972).

## V.   CONCLUSION

For the foregoing reasons, the Union County Defendants' motion to dismiss, D.E. 70, is **GRANTED**.

Dated: June 29, 2017

_____
John Michael Vazquez, U.S.D.J.